IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-MC-33-BO

| | |
|---|---|
| ROBERT ANDREW WHEELER, ) | |
|     Movant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PHILIPS NORTH AMERICA LLC, ) | |
|     Respondent. ) | |

This cause comes before the Court on movant Robert Wheeler's motion to quash subpoena pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure. Respondent Philips North America has responded in opposition and the matter is ripe for ruling. For the reasons that follow, the motion to quash is denied.

BACKGROUND

The parties are familiar with the factual and procedural background of this and related matters and a brief recitation is all that is required here. Respondent Philips North America (Philips) seeks to depose movant Robert Wheeler (Wheeler). Wheeler asks to be protected from being deposed, arguing that the subpoena is harassing and unduly burdensome because Philips has already deposed Wheeler for four full days. Wheeler also argues that Philips has refused to agree to his reasonable offer to sit for deposition with limits on questioning and time. Wheeler has thus filed the instant motion to quash and for protective order.

This motion was originally filed in the United States District Court for the Western District of North Carolina. No. 3:22-MC-96. The subpoena Wheeler seeks to quash arises out of litigation brought by Philips in this district, *Philips v. Martin Little*, No. 5:20-CV-657-BO. The

motion was transferred to this district by order entered July 5, 2022. The case was not received in this district, however, until January 9, 2023.

Wheeler is not a party to the *Little* litigation, but he and his company TEC Holdings are parties to other actions filed by Philips in the Western District of North Carolina. As part of the TEC Holdings litigation, Philips has deposed Wheeler both in his individual capacity and as a corporate representative. All of these depositions took place after Philips initiated its suit against Little in this district.

In the *Little* case, Philips alleges that its former employee, Little, provided his Philips-issued security credentials to TEC Holdings, a competitor of Philips. Philips alleges that this amounted to misappropriation and infringement of Philips' intellectual property relating to the service of its medical imaging devices. Philips has deposed Wheeler in the TEC Holdings actions, but now contends that it needs to depose Wheeler again because it learned new, relevant information in the *Little* case after it had deposed Wheeler in the other pending cases. Philips issued the subpoena to Wheeler to seek deposition testimony relevant to its claims against Little.

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena which would subject the proposed-deponent to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The scope of discovery permitted under Rule 45 is the same as the scope allowed under Rule 26. *See Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012); *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

> A non-party moving to quash a subpoena is in the same position as a party moving for a protective order that such discovery not be allowed. The court hearing the motion is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit.

*Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005); *see also Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (noting "courts must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally.") (quotations and citation omitted).

Philips' request to depose Wheeler is not unduly burdensome, but the Court will impose time and scope limits discussed more fully below. Philips has sufficiently demonstrated that Wheeler has information relevant to the *Little* action which has not been addressed in his prior deposition testimony and about which Philips was unaware when it previously deposed Wheeler. It is further important to distinguish Wheeler's prior deposition testimony, taken as a party in other litigation, from this deposition, which seeks his testimony as a non-party. Even applying special weight to Wheeler's concerns about burden and harassment, the Court nonetheless determines that he has not demonstrated that sitting for deposition for the *Little* case is *unduly* burdensome merely because Wheeler has already been deposed by Philips.

The Court has further considered the limits placed by Fed. R. Civ. P. 32(a) on Philips' use of Wheeler's prior deposition testimony in its case against Little. Under Rule 32(a), a deposition may be used at hearing or trial against a party if the party was present or represented at the deposition or had reasonable notice of it. Fed. R. Civ. P. 32(a)(1); *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991).

Here, Philips has argued, and Wheeler has not demonstrated otherwise, that Little was not present, represented, or given notice of Wheeler's prior depositions. Accordingly, Philips cannot seek to offer Wheeler's prior deposition testimony against Little, either at trial or in support of summary judgment. Although Wheeler contends that Little has not raised an objection to Philips

3

doing so, that issue is not before the Court and whether Little would do so at a later date remains to be seen.

However, the Court determines that it would be unduly burdensome for Philips to be deposed on topics not relevant to the *Little* case and the scope of Philips' questioning is hereby limited accordingly. The Court will not limit the use of Wheeler's deposition testimony. Finally, the Court determines that a three-hour time limit is reasonable based on the time requested by counsel for Little for questioning.

## CONCLUSION

For the foregoing reasons, the motion to quash subpoena and for protective order [DE 1] is DENIED. However, the scope and time for Wheeler's deposition are limited in accordance with the foregoing.

SO ORDERED, this ___ day of February 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE